Chancellor Rutledge
delivered the decree of the court.
The testator, P. Hart, after giving several pecuniary legacies, makes a residuary clause, m the following words; “ And as to the rest of my estate, if any there should be remaining, after fully paying all my just debts, and the above mentioned legacies, it is my will that the same be equally divided, between my several relations above men* tioned, with bequests, share and share alike.” Various questions arise under this residuary clause.
1st. Whether there is not a trust by implication created in the executors, by the words of this clause ?
*63 2d. What share of the residuary estate, the children of Sijnon «l. Hart will take ?
3d. Whether Simon M. Hart takes any part of it?
4th. If a trust by implication is not created, what part of the real estate of the testator, Simon M. Hart would be entitled to, the complainants being aliens, and as such, not capable of inheriting real estate ?
The first question was the most strongly contended and it was insisted for the complainant, that the words of this clause would create a trust by implication in the executors, in order to enable them to sell the real estate, (if the personal was not sufficient) to pay the debts and legacies, and for the purpose of making a division among the residuary legatees, agreeably to the intention of the testator. A variety of cases were adduced, to shew that words of desire, request or recommendation, will raise a trust by implication, to execute the intention of testator. Upon a review of those cases, (though they are very good law,) it will be found that they are not applicable ; for in all of them, the testator has given an estate for life, or a certain term, to a particular person in the first instance, and then follows his request or recommendation to that person to dispose of the estate in a particular manner, to certain persons named or described by testator. That is not the case before us, for the residuary clause in the will is as plain as words can make it: it is in the common phraseology of residuary devises or bequests, and cannot, we think, but by a most forced construction, create an implied trust in the executors. The estate, if any there should be remaining, being given expressly and directly to the legatees above mentioned; and therefore it is not necessary for the intervention of trustees, to carry the intention of testator into effect; for if the residuary legatees cannot agree on a division, this court, on application, will decree it.
In this particular case, it is necessary to contend for an implied trust, being in the executors, to enable them to sell the real estate, and convert it into money, for the purpose of appropriating a part of it to the complainants, who *64 are aliens; and but for that circumstance, it is presumed this suit would never have been instituted; but surely it would be cariying the doctrine of implied trusts further than the court is warranted in doing, to put a forced construction, as is contended for in a plain clause of a will, to favor a particular legatee.
Desaussure, Ford and Pringle, for complainants.
Parker, for defendants.
With regard to the second question, the court are of opinion, that the children of S. M. Hart take but one share under the residuary clause, because they are not named individually, but collectively, in the particular bequest in the will*
3d question — The court are of opinion, that S. M. Hart is not entitled to a share as residuary legatee, he not being one of the relations in the will above named.
4th. Simon M. Hart can only take such part of the residuary real estate of the testator, as his father, whom he represents, would have been entitled to.
The court decreed that the real estate be sold by the master, and the money arising from the sale, be divided among the residuary legatees, as they are respectively entitled thereto.
Costs to be paid out of the estate.
During the sitting of the Court which commenced in October, 1801, and continued throughout November, the ill health of Chancellor Burke, prevented his attending the Court more than three days; and he was never ablc-to attend afterwards, till his death in the year 1802.